# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **DONNA JOYCE BERJETTEJ,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-cv-00420-AC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————) | | |

**ACOSTA, Magistrate Judge:**

Donna Berjettej ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

### *Procedural Background*

Plaintiff filed her application for DIB on June 28, 2005, alleging disability as of January 17, 2005. (Tr. 27.) The Commissioner denied her application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). After an administrative hearing, the ALJ issued a decision on April 18, 2007, finding plaintiff not disabled. (Tr. 24.) The Appeals Council denied plaintiff's subsequent request for review, and plaintiff appealed to the United States District Court. (Tr. 5.) Judge Brown reversed and remanded the case for further proceedings. *Berjettej v. Astrue*, 2010 WL 3056799. On remand, the case was assigned to ALJ Riley Atkins, who held a second hearing and issued a decision, again finding plaintiff not disabled. (Tr. 670-82.) Plaintiff seeks judicial review of that decision.

### *Factual Background*

Born in July, 1958, plaintiff was 48 years old on date of ALJ Atkins's decision. She alleges disability due to combined impairments including major depressive disorder, anxiety, post-traumatic stress disorder, vertigo, headaches, and degenerative disc disease of the cervical spine. (Tr. 670, 672.) Plaintiff speaks English and has a high school education. (Tr. 681.)

### *Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th

Page 2 – OPINION AND ORDER

Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c).  If not, the claimant is not disabled.  *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity."  *Id.*; 20 C.F.R. § 404.1520(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work."  *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e).  If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner.  *Yuckert*, 482 U.S. at 141.  At step five, the Commissioner must establish that the

Page 3 – OPINION AND ORDER

claimant can perform other work.  *Id*. at 142; 20 C.F.R. § 404.1520(e) & (f).  If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. § 404.1566.

### *The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since her alleged onset date through March 21, 2010, her date last insured.  (Tr. 672.)  At step two, the ALJ concluded that plaintiff had the following severe impairments: major depressive disorder, dysthymia, posttraumatic stress disorder, a history of heart palpitations, and mild degenerative disc disease of the cervical spine.  (Tr. 672-73.)  At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  (Tr. 673.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff could perform light work, with the following limitations: she can reach overhead no more than occasionally due to cervical pain; she can do simple work with one-to-three step tasks; she cannot perform or concentrate so as to sustain more complex tasks; she can engage in limited contact with coworkers but no public contact; and she must avoid activities that involve hazardous equipment, machinery or heights in the workplace.  (Tr. 674-75.)  At step four, the ALJ found that plaintiff was unable to perform any past relevant work.  (Tr. 680.)  At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff could perform jobs that exist in significant numbers in the national economy, including small products assembler, laundry folder, and paper sorter recycler.  (Tr. 681.)  Accordingly, the ALJ found plaintiff was not disabled.  (Tr. 682.)

*Discussion*

Plaintiff argues that the ALJ failed to account for her moderate limitations in concentration, persistence and pace in the RFC.  Pl.'s Br. 16.  The ALJ assessed plaintiff's RFC and found plaintiff capable of performing simple work with one-to-three step tasks, stating that plaintiff could not perform or concentrate so as to execute more complex tasks.  (Tr. 674-75.) *See also Berjettej v. Astrue*, No. 09–CV–892–BR, 2010 WL 3056799 (D. Or. July 30, 2010) (citing numerous judicial decisions in which courts conclude based on the particular records at issue that an RFC limiting a claimant to simple and routine work does not account for his limitations in concentration, persistence, and pace); *Saylor v. Astrue*, 2012 WL 3597423 at *3-4 (D. Or. Aug. 2012).  Numerous other courts have concluded based on the particular records at issue that a limitation to simple and routine work does capture a claimant's limitations in concentration, persistence, and pace.  *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173–75 (9th Cir.2008). In other words, there is not a categorical rule that limitations in concentration, persistence or pace translate to a specific RFC limitation.  *Saylor*, 2012 WL 3597423, at *3-4.

In *Stubbs-Danielson v. Astrue*, the Ninth Circuit held an RFC restricting the claimant to simple tasks adequately captured his moderate limitations in concentration, persistence and pace. 539 F.3d 1169, 1173-74 (9th Cir. 2008).  The *Stubbs-Danielson* court explained that the ALJ's decision was supported by the "state psychologist's findings which concluded that the claimant, despite certain pace deficiencies, retained the ability to do simple, repetitive, routine tasks." *Id.* at 1174.  The ALJ's limitation to simple tasks thus properly translated the claimant's "pace and mental limitations[] into the only concrete restrictions available to him." *Id.* at 1174.  Here, plaintiff's consultative physician Bill Hennings, Ph.D., opined that plaintiff was not significantly limited in her ability to understand and remember very short and simple instructions or in her

Page 5 – OPINION AND ORDER

ability to remember locations and work-like procedures.  (Tr. 440.)  Dr. Hennings found no significant limitations in plaintiff's ability to carry out very short and simple instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; or make simple work-related decisions.  (*Id.*)  Plaintiff does not cite to any concrete restrictions supported by the record that would translate into anything more than the limitations captured in the ALJ's RFC assessment.  *See, e.g.,* Pl.'s Br. 17.  Thus, the Court concludes that the ALJ's assessment of plaintiff's RFC is supported by substantial evidence in the record and was appropriately limited to simple tasks.  *See Stubbs-Danielson*, 539 F.3d at 1173-74.  The ALJ's assessment of plaintiff's RFC is affirmed.

### Conclusion

The Commissioner's decision is supported by substantial evidence in the record, and it is therefore **AFFIRMED**.

IT IS SO ORDERED

DATED this 30th day of June 2014.

_____ _____/s/ John V.Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

Page 6 – OPINION AND ORDER